UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBECCA COCHRAN,<br><br>Plaintiff,<br><br>v.<br><br>APPLIED THIN-FILM PRODUCTS, et al.,<br><br>Defendants. | Case No. 25-cv-10635-AMO<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>Re: Dkt. No. 19 |

This is a putative wage and hour class action.  Before the Court is Plaintiff Rebecca Cochran's motion to remand.  Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the Court **GRANTS** the motion for the following reasons.

## BACKGROUND

### I. FACTUAL BACKGROUND

On November 7, 2025, Cochran filed this action against Defendants Applied Thin-Film Products, Vishay Dale Electronics, LLC, and Vishay Intertechnology, Inc., (collectively, "Applied") in Alameda County Superior Court seeking recovery for Applied's violations of the California Labor Code. Dkt. No. 9-1.  Cochran claims that she worked for Applied as a non-exempt employee during the relevant statutory period. *Id.* ¶ 22.  The complaint broadly alleges that Applied maintained a common policy and practice of failing to pay employees for all hours worked. *Id.* ¶ 23.  As relevant here, the complaint is brought on behalf of the broader "Hourly Employee Class", which is thereafter narrowed into more discrete subclasses, such as the "Meal Period Sub-Class" and "Rest Period Sub-Class". *Id.* ¶ 14(a)-(c).  For its meal period claim, the complaint alleges that Applied "maintained a policy or practice of not providing Plaintiff and

members of the Meal Period Sub-Class with uninterrupted, duty-free meal periods." *Id.* ¶ 46. Similarly, the complaint alleges that Applied "maintained a policy or practice of not providing members of the Rest Period Sub-Class with" adequate rest periods. *Id.* ¶ 59.  The remainder of the complaint details distinct sub-classes for corresponding claims.  Cochran did not quantify the monetary losses she attributes to Applied's practices – the complaint is silent on the dollar value of the claims.

## II. PROCEDURAL HISTORY

On December 12, 2025, Applied filed a Notice of Removal, contending that this Court has jurisdiction under the Class Action Fairness Act ("CAFA").  Dkt. No. 1.  On January 13, 2026, Cochran filed a motion to remand the case to state court arguing that jurisdiction under CAFA is lacking because Applied failed to establish that the amount in controversy exceeds $5 million. Dkt. No. 19.  On January 27, 2026, Applied filed an opposition, Dkt. No. 20, and Cochran's reply followed on February 3, 2026, Dkt. No. 23.

## DISCUSSION

## I. LEGAL STANDARD

Only state court actions that could originally have been filed in federal court may be removed.  28 U.S.C. § 1441(a); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  CAFA provides federal jurisdiction over class actions where there is minimal diversity of citizenship, the putative class is comprised of at least 100 members, and the amount in controversy exceeds $5 million.  28 U.S.C. §§ 1332 (d)(2), (d)(5).  Here, Cochran does not dispute that the putative class exceeds one hundred (100) members or that the parties are minimally diverse.  Instead, Cochran challenges only whether the amount in controversy exceeds $5 million.

"[W]hen a defendant's assertion of the amount in controversy is challenged . . . both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014).  The party seeking to invoke federal jurisdiction bears the burden of proof. *Id.* at 88-89; *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) ("[I]f a defendant wants to pursue a federal forum under CAFA, that defendant in a jurisdictional dispute

United States District Court
Northern District of California

United States District Court
Northern District of California

has the burden to put forward evidence showing that the amount in controversy exceeds $5 million . . . and to persuade the court that the estimate of damages in controversy is a reasonable one."). To determine the aggregate amount in controversy, the court may consider allegations in the complaint and "facts presented in the removal petition as well as any 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.' " *Matheson v. Progressive Specialty Ins. Co.,* 319 F.3d 1089, 1090 (9th Cir.2003)).

A plaintiff's motion to remand may raise either a facial attack or a factual attack on the defendant's jurisdictional allegations. *Reyes v. Fed. Express Corp.*, No. 23-CV-00693-AMO, 2023 WL 4183473, at *2 (N.D. Cal. June 23, 2023). Cochran's motion to remand has challenged the truth of Applied's jurisdictional allegations in a factual attack. A factual attack need only challenge the truth of the defendant's jurisdictional allegations by making "a reasoned argument as to why any assumptions on which [defendant's numbers] are based are not supported by evidence." *Id.* at *2. Because the burden falls on the defendant to prove by a preponderance of the evidence that the amount in controversy requirement is satisfied, "a plaintiff can secure remand by showing, through argument alone, that the defendant has relied on unsupported, unreasonable assumptions." *Benitez v. Hyatt Corp.*, 722 F. Supp. 3d 1094, 1100 (S.D. Cal. 2024).

**II. CAFA JURISDICTION**

Applied's Notice of Removal was limited to the allegation that the $5 million jurisdictional threshold is met because of Cochran's claims for (1) overtime, (2) meal and rest periods, (3) inaccurate wage statements, (4) waiting time penalties, and (5) attorney's fees. Cochran contests CAFA jurisdiction on the basis that Applied fails to carry its burden to show that the amount in controversy exceeds $5 million. Dkt. No. 19 at 7. Specifically, Cochran contests the violation rate that Applied used to calculate meal and rest period violations as well as the estimated amount of attorney's fees. *Id.* at 8. Cochran does not contest Applied's calculation of the amount in controversy for the overtime, wage statement, or waiting time penalty claims. *See generally id.*

Applied responds that the amount in controversy exceeds $5 million because the allegations in the complaint support the assumption that class members suffered both meal and rest period violations at an 80% violation rate, or four times per workweek. Dkt. No. 20 at 9.

3

United States District Court
Northern District of California

However, a 20% violation rate for meal and rest break violations is more commonly accepted as reasonable where the complaint alleges a "policy or practice" of such violations. *See Garza v. Brinderson Constructors, Inc.,* 178 F.Supp.3d 906, 912 (N.D. Cal. 2016) (using 20% violation rate where the complaint alleged a "policy or practice" of both meal and rest break violations); *Jimenez v. Land O'Lakes, Inc.,* No. 1:23-CV-00891-JLT-SKO, 2025 WL 2992313, at *6 (E.D. Cal. Oct. 24, 2025) (holding 20% violation rate was reasonable).

Applied provides no evidence to persuade the Court to depart from the 20% violation rate. Rather, Applied suggests that its assumed 80% violation rate for Cochran's meal and rest break claims is "drawn directly from the very allegations that Plaintiff chose to assert in her Complaint." Dkt. No. 20 at 9. But Cochran's complaint makes no mention of any violation rate. Rather, like in *Jimenez* and *Garza*, the complaint broadly alleges that Applied had a "policy and practice" of meal and rest break violations. Dkt. No. 9-1 ¶¶ 46, 60. Because Applied has not provided the Court with any evidence to support departing from a 20% violation rate, the Court applies a 20% violation rate to determine the amount in controversy. Applying a 20% violation rate, the amount in controversy for Cochran's meal and rest break violations totals $870,675.12.

Cochran additionally argues that Applied's assumption that its attorney's fees could amount to 25% is unreasonable. Even assuming attorney's fees of 25%, Applied does not meet the $5 million amount in controversy threshold. Thus, the Court declines to reach this argument.[1] Applying a 20% violation rate to Cochran's meal and rest break violation allegations, the total amount in controversy is $2,567,665.83. As such, the amount in controversy does not meet the threshold for CAFA jurisdiction.

**CONCLUSION**

Applied failed to meet its burden of proof that this Court has jurisdiction under 28 U.S.C. § 1332(d). Accordingly, Cochran's motion to remand is **GRANTED**. The Court directs the Clerk of Court to transmit the files in this matter back to the Alameda County Superior Court and close

---

[1] In support of its attorney's fees estimate, Applied asks the Court to take judicial notice of two court filings. Dkt. No. 21. Because the Court does not reach whether the estimated attorney's fees are reasonable, the Court DENIES the request as moot.

the files in this Court.

**IT IS SO ORDERED.**

Dated: April 9, 2026

ARACELI MARTÍNEZ-OLGUÍN
**United States District Judge**

United States District Court
Northern District of California

5